IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| v. | : | No. 23-cr-511 |
| STEVEN DIAMANTSTEIN, | : | <u>ORDER FOR A CONTINUANCE</u> |
| Defendant. | : | |

This matter having come before the Court on the joint application of the United States, by Philip R. Sellinger, United States Attorney for the District of New Jersey, and Glenn S. Leon, Chief, U.S. Department of Justice, Criminal Division, Fraud Section (by Nicholas K. Peone, Trial Attorney, U.S. Department of Justice, Criminal Division, Fraud Section, appearing), and defendant Steven Diamantstein (Zach Intrater, Esq., appearing), for an order granting a continuance of proceedings in the above-captioned matter; and the Defendant being aware that he has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the Defendant having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is an unusual or complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the nature of the prosecution such that it is unreasonable to expect adequate preparation for

pretrial proceedings or for the trial itself within 70 days.

2. The discovery in the case is voluminous, consisting of, among other things, electronic communications, financial records, phone records, and health care benefit program claims data, and additional time is necessary to ensure that, taking into account the exercise of diligence, defense counsel has sufficient time to review and inspect discovery and further investigate the charges in this matter.

3. The parties intend to engage in plea negotiations, and both the Defendant and the United States desire additional time to negotiate a plea agreement or alternative disposition, which would render grand jury proceedings and a trial in this matter unnecessary.

4. As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendant in a speedy trial.

IT IS, therefore, on this 15th day of February, 2024,

(1) ORDERED that this action be, and hereby is, continued until April 1, 2024; and it is further

(2) ORDERED that the period from February 1, 2024, through April 1, 2024, be and it hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*

_____
Hon. Michael A. Shipp
United States District Judge

Consented to as to form and entry:

/s/ Nicholas K. Peone
Trial Attorney


/s/ Zach Intrater
Zach Intrater, Esq.
Counsel for Defendant